IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARY LOUISE SERAFINE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-1249-RP |
| GREG ABBOTT, *in his official capacity as Governor of Texas*, and KEN PAXTON, *in his official capacity as Attorney General of Texas*, | § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Mary Louise Serafine's ("Plaintiff") Verified Motion for Ex Parte Temporary Restraining Order ("TRO"). (Mot. TRO, Dkt. 2). In this case against Defendants Greg Abbott, in his official capacity as Governor of Texas, and Ken Paxton, in his official capacity as Attorney General of Texas, Plaintiff asserts that Chapter 11 of the Texas Civil Practice and Remedies Code is unconstitutional. (Compl., Dkt. 1, at 1). In her TRO motion, Plaintiff states that a state court judge has refused to allow her to raise a defense in a vexatious litigant proceeding scheduled for December 30, 2020 and seeks to have this Court enjoin the state court proceeding from going forward. (Mot. TRO, Dkt. 2, at 1–2, 15–16). Having reviewed the motion, the Court finds that Plaintiff's request for an ex parte TRO should be denied.

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Texas Express Pipeline, LLC*, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). But under Federal Rule of Civil Procedure 65, a court may issue a TRO without written or oral notice to the adverse party only if both of the following requirements are met:

>   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff, who is an attorney and represents herself in this case, (*see* Compl., Dkt. 1, at 15; Serafine Decl., Dkt. 2, at 17–18), admits that she has not attempted to notify opposing counsel. (Mot. TRO, Dkt. 2, at 15). Instead, she states that:

>   The trial court's and Defendants' insistence that Plaintiff not be allowed to raise a defense that would be ordinary in any other situation raises the possibility that Defendants would ask the judge to hold the hearing immediately, before Plaintiff had time to act here. There is obviously at least some risk of ex parte communication because Defendants sit on the same bench with those deciding the case, at both the trial and appellate levels.

(*Id.*). Plaintiff provides no support beyond those bare assertions that notifying Defendants could mean the judge could hold the hearing earlier than its scheduled date of December 30, 2020. Moreover, it is unclear what Plaintiff insinuates when she states there is a risk of ex parte communication between Defendants and the state court judge—Defendants Greg Abbott and Ken Paxton are not judges who sit on a bench.

Thus, Plaintiff has not satisfied both requirements for the issuance of an ex parte TRO under Rule 65(b)(1). *See CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (denying plaintiff's request for ex parte relief on same grounds); *Cotton*, 2017 WL 2999430, at *2 (W.D. Tex. Jan. 10, 2017) (denying plaintiff's request for ex parte relief for failure to satisfy both requirements of Rule 65(b)).

3

Accordingly, **IT IS ORDERED** that Plaintiff's Verified Motion for Ex Parte Temporary Restraining Order, (Dkt. 2), is **DENIED**.

**SIGNED** on December 28, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE