IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARY LOUISE SERAFINE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-1249-RP |
| GREG ABBOTT, *Governor of Texas*; KEN PAXTON, *Attorney General of Texas*; DAVID SLAYTON, *Administrative Director of the Office of Court Administration of Texas*; LORA J. LIVINGSTON, *Local Administrative Judge, Travis County, Texas*; VELVA R. PRICE, *District Clerk, Travis County, Texas, all in their official capacities*, | § § § § § § § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Mary Louise Serafine's ("Serafine") Motion to Amend Complaint. (Mot. Amend, Dkt. 52). Serafine seeks leave to file a second amended complaint that adds a new defendant, Nathan Hecht, Chief Justice of the Supreme Court of Texas, and additional facts to aid the "Court's consideration of the issues before it." (*Id.* at 1–2). Defendants David Slayton, Lora J. Livingston, and Velva R. Price ("Defendants") oppose Serafine's motion. (Defs.' Resps., Dkts. 53, 54). Having considered the parties' briefing and the relevant law, the Court will grant Serafine's motion to amend her complaint.

### I.    BACKGROUND

This case arises out a state court proceeding in which Serafine was deemed to be a "vexatious litigant" under Chapter 11 of the Texas Civil Practice & Remedies Code ("Texas Statute"). (*See* Am. Compl., Dkt. 19). Serafine claims that the Texas Statute violates her rights under the First and Fourteenth Amendments, pursuant to 42 U.S. § 1983, and seeks declaratory and injunctive relief under the Declaratory Judgment Act and All Writs Act to bar enforcement of the

1

Texas Statute against her. (*Id.* at 14–22). Defendants moved to dismiss Serafine's claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mots. Dismiss, Dkts. 27, 36). On May 12, 2021, the Court stayed discovery as to Defendant Slayton pending resolution of his motion to dismiss. (Order, Dkt. 34; Am. Order, Dkt. 48). Defendants Livingston and Price have also moved to stay discovery pending the outcome of their motion to dismiss. (Mot. Stay, Dkt. 37).

One June 16, 2021, Serafine filed the instant motion to amend her complaint. (Dkt. 52). Defendants oppose the motion on the grounds that Serafine exercised undue delay in moving to amend her complaint and that an amendment would be futile. (Slayton Opp., Dkt. 53, at 3; Livingston and Price Opp., Dkt. 54, at 4) ("[D]enial of leave in this case would be appropriate based upon undue delay, bad faith or dilatory motive, and futility.").

## II.     DISCUSSION

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2).  Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

Defendant Slayton first argues that Serafine's addition of Nathan Hecht, Chief Justice of the Supreme Court of Texas, is futile because Serafine fails to state a claim against Justice Hecht that this Court "has subject-matter jurisdiction over, or that states a claim for relief." (Dkt. 53, at 3).

Slayton further argues that Serafine's addition of factual allegations regarding bias in her state court proceedings is futile because she has failed to state a claim for relief. (*Id.*). "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872–73 (5th Cir. 2000). Futility means "that the amended complaint would fail to state a claim upon which relief could be granted." *Id.* Thus, to determine futility, the court "appl[ies] the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Viewing the facts in the "light most favorable to [Serafine] and with every doubt resolved in [her] behalf," the Court finds that Serafine's amended complaint states a claim for relief against Nathan Hecht and adds sufficient facts to maintain her claims against the remaining Defendants. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Indeed, Plaintiff's proposed second amended complaint includes sufficient factual allegations to support her claim that the enforcement of the Texas Statute against her violates her constitutional rights, and that Nathan Hecht as Chief Justice "enforces and executes [the Texas Statute] by directing and supervising [Defendant] Slayton." (Proposed 2d Am. Compl., Dkt. 52-1, at 6, 7–30). Because Serafine's proposed second amended complaint "give[s] the defendant[s] fair notice of what the claim is and the grounds upon which it rests," the Court rejects Slayton's argument that her amendment is futile. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).

Defendants also challenge Serafine's motion to amend by arguing that it should be denied due to her undue delay. (Dkt. 53, at 5; Dkt. 54, at 4). Defendant Slayton argues that Serafine's six-month delay in filing the instant motion evinces her intent to use the amendment to "delay the Court's ruling on the pending motions to dismiss," and is prejudicial to him in that Slayton will have to file another round of motions to dismiss. (Dkt. 53, at 6). Defendants Livingston and Price largely echo the same arguments as Slayton, contending that Serafine could have addressed the deficiencies in her amended complaint yet "waited until the very eve of the close of briefing on Defendants'

motions to dismiss to seek to add a party and further plead facts." (Dkt. 54, at 4). Livingston and Price also argue that Serafine's motion to amend should be denied based on bad faith, yet they offer no specific support for this contention. (*Id.*). Serafine responds that her proposed amendment comes "barely a month after all current defendants had appeared," and as such does not rise to the level of undue delay required to deny a motion to amend under Rule 15. (Pl.'s Reply, Dkt. 57, at 3). The Court agrees. Given the early stage of the current suit and the bias in favor of allowing amendments under Rule 15, the Court will grant Serafine's motion to amend.

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that Serafine's Motion to Amend Complaint, (Dkt. 52), is **GRANTED**. The Clerk of Court is directed to file Serafine's Second Amended Complaint, (Dkt. 52-1).

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss, (Dkt. 27, 36), are now **MOOT** because they refer to a now-superseded pleading.

**IT IS FURTHER ORDERED** that Defendant Livingston and Price's motion to stay discovery, (Dkt. 37), is **MOOT**, and the order granting Defendant Slayton's motion to stay discovery is **VACATED**.

**IT IS FINALLY ORDERED** that Serafine's motion for summary judgment, (Dkt. 50), is now **MOOT**. Defendants Livingston and Price's motion to stay their response to that motion, (Dkt. 55), is likewise **MOOT**.

**SIGNED** on July 2, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE