# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **MARY LOUISE SERAFINE,** *Plaintiff*  **v.**  **DAVID SLAYTON,** *Administrative Director of the Office of Court Administration of Texas*; **LORA J. LIVINGSTON,** *Local Administrative Judge, Travis County, Texas*; **and VELVA R. PRICE,** *District Clerk, Travis County, Texas, all in their official capacities*, *Defendants* | Case No. A-20-CV-1249-RP |

## O R D E R

Before the Court is Plaintiff's Motion for Leave to File First Supplement to Second Amended Complaint for Declaratory and Injunctive Relief, filed August 30, 2021 (Dkt. 82). On September 10, 2021, the District Court referred the motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 86.

### I.    General Background

On December 28, 2020, Plaintiff Mary Louise Serafine, an attorney licensed to practice law in Texas, filed this lawsuit against Greg Abbott, in his capacity as Governor of Texas, and Ken Paxton, in his capacity as Attorney General of Texas, after a Texas district court declared her a "vexatious litigant" under Chapter 11 of the Texas Civil Practice & Remedies Code ("Texas Statute"). Compl. (Dkt. 1) at 1. Serafine alleges that the Texas Statute violates her rights under the First and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, and seeks declaratory and

1

injunctive relief under the Declaratory Judgment Act and All Writs Act to bar enforcement of the Statute.

After Defendants Abbott and Paxton filed a motion to dismiss on the basis that the District Court lacked subject matter jurisdiction, Plaintiff filed an Amended Complaint asserting the same claims, but adding defendants David Slayton, Administrative Director of the Office of Court Administration of Texas; the Honorable Lora J. Livingston, Local Administrative Judge, Travis County, Texas; and the Honorable Velva R. Price, District Clerk, Travis County, Texas, all in their official capacities. Am. Compl. (Dkt.19) ¶¶ 15-18. A few days later, Plaintiff voluntarily dismissed Defendants Abbott and Paxton under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. 21.

After Defendants Slayton, Livingston, and Price filed motions to dismiss for lack of jurisdiction and failure to state a claim, Serafine filed a motion for leave to file a second amended complaint to add the Honorable Nathan Hecht, Chief Justice of the Supreme Court of Texas, as a defendant and to add "necessary facts that had not occurred at the time of the First Amended Complaint." Dkt. 52 at 2. On July 2, 2021, the District Court granted Plaintiff permission to file her Second Amended Complaint and mooted Defendants' motions to dismiss. Dkt. 58.

Shortly after Plaintiff filed her 43-page Second Amended Complaint, Defendants Slayton, Livingston, and Price once again filed motions to dismiss on the bases of lack of subject matter jurisdiction and failure to state a claim. Dkts. 63, 66. Defendant Hecht also filed a motion to dismiss for lack of jurisdiction and immunity. Dkt. 70.[1]

On August 30, 2021, Plaintiff filed the instant Motion for Leave to file an 11-page supplement to her Second Amended Complaint pursuant to Rule 15(d).

---

[1] The motions to dismiss and a subsequent motion to stay discovery (Dkt. 73) have not been referred to the undersigned Magistrate Judge.

## II.     Analysis

Rule 15(d) of the Federal Rules of Civil Procedure provides that a district court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Whether to grant a motion to supplement is within the discretion of the district court. *Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 202 (5th Cir. 2012); *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). "While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide. Rule 15(d) is clear that the court *may* permit a supplemental pleading setting forth changed circumstances." *Burns*, 158 F.3d at 343.

In determining whether to allow supplementation of pleadings under Rule 15(d), courts weigh several factors, including: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party; and (4) futility. *Middaugh v. InterBank*, No. 6:19-CV-052-H-BU, 2021 WL 1100425, at *11 (N.D. Tex. Mar. 23, 2021); *Mangwiro v. Napolitano*, 939 F. Supp. 2d 639, 648 (N.D. Tex. 2013), *aff'd sub nom. Mangwiro v. Johnson,* 554 F. App'x 255 (5th Cir. 2014).

After considering these factors, the Court concludes that Serafine should not be permitted to file her Proposed Supplement. Plaintiff contends that her Proposed Supplement consists of "[r]ecent acts and events that are critical to the Court's decisions,"[2] but the Proposed Supplement merely contains quotes from Defendants' briefs filed in her Texas Appellate proceedings, reasserts previous allegations asserted in her pleadings, and re-urges the same arguments already before the District Court regarding the alleged unconstitutional actions of the Texas courts and unconstitutionality of the Texas Statutes. *See* Dkt. 82-1.

---

[2] Dkt. 82 at 2.

As the Court noted above, Plaintiff already has amended her complaint twice in this case, and the District Court dismissed Defendants' first motions to dismiss as moot in light of Plaintiff's first amendment. Defendants' second motions to dismiss are pending before the District Court. The undersigned finds that permitting Plaintiff to supplement her Second Amended Complaint with newly asserted facts and arguments would unduly delay this case and prejudice Defendants. The Fifth Circuit Court of Appeals has held that it is within the district court's discretion to deny leave under Rule 15(d) "when it found that granting leave to supplement would delay the disposition of the claims against [non-movants], thereby causing them prejudice." *Haralson v. Campuzano*, 356 F. App'x 692, 699 (5th Cir. 2009).

Accordingly, Plaintiff's Motion for Leave to File First Supplement to Second Amended Complaint for Declaratory and Injunctive Relief (Dkt. 82) is **DENIED**.

**IT IS FURTHER ORDERED** that this cased is **REMOVED** from the Magistrate's Court's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

**SIGNED** on September 27, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE