UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MARY LOUISE SERAFINE**, *Plaintiff* § § § | |
| **v.** § § | |
| **GREG ABBOTT**, *Governor of Texas*; **KEN PAXTON**, *Attorney General of Texas*; **DAVID SLAYTON**, *Administrative Director of the Office of Court Administration of Texas*; **NATHAN HECHT**, *Chief Justice of the Supreme Court of Texas*; **AMY MEACHUM**, *Local Administrative Judge, Travis County, Texas*;[1] **VELVA R. PRICE**, *District Clerk, Travis County, Texas, all in their official capacities*, *Defendants* § § § § § § § § § § § § § | Case No. 1:20-CV-1249-RP-SH |

# O R D E R

Before the Court are Defendant David Slayton's Opposed Motion to Stay Discovery and Pretrial Motions and Protective Order, filed July 12, 2021 (Dkt. 64); Defendant Chief Justice Hecht's Opposed Motion to Stay Discovery and Pretrial Motions and Protective Order, filed August 3, 2021 (Dkt. 73); Defendants Judge Meachum and District Clerk Price's Second Motion to Stay Discovery and Pretrial Motions and Protective Order, filed November 1, 2021 (Dkt. 96); Defendant David Slayton's Opposed Motion to Quash Plaintiff's Notice of Deposition, filed November 8, 2021 (Dkt. 98); Defendant Velva Price's Motion to Quash Deposition of Velva Price Noticed for December 9, 2021, filed November 23, 2021 (Dkt. 103); Plaintiff's Opposed Motion

---

[1] Pursuant to FED. R. CIV. P. 25(d) and the Parties' Stipulation Regarding Defendant Substitution (Dkt. 95), the Amy Clark Meachum, Local Administrative Judge ("LAJ"), Travis County, Texas has been substituted as a defendant in this matter in her official capacity only as the current LAJ for Travis County, Texas civil courts in place of the Lora J. Livingston, who had previously been sued and appeared in this matter as a defendant in her official capacity only in connection with her duties as the former LAJ.

to Compel Defendants' Rule 26 Disclosures, filed December 3, 2021 (Dkt. 106); Defendant Velva Price's Motion to Quash Deposition of Velva Price Noticed for December 17, 2021, filed December 10, 2021 (Dkt. 110); and the associated response and reply briefs.

On November 2, 2021, the District Court referred to the undersigned Magistrate Judge all pending and future discovery motions and other nondispositive motions for resolution, and all pending and future dispositive motions for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 97.

## I. Background

On December 28, 2020, Plaintiff Mary Louise Serafine, an attorney licensed to practice law in Texas, filed this lawsuit against Greg Abbott, in his capacity as Governor of Texas, and Ken Paxton, in his capacity as Attorney General of Texas, after a Texas district court declared her a "vexatious litigant" under Chapter 11 of the Texas Civil Practice & Remedies Code (the "Texas Statute"). Compl. (Dkt. 1) at 1. Serafine alleges that the Texas Statute violates her rights under the First and Fourteenth Amendments pursuant to 42 U.S. § 1983, and seeks declaratory and injunctive relief under the Declaratory Judgment Act and All Writs Act to bar enforcement of the Statute.

After Defendants Abbott and Paxton filed a motion to dismiss on the basis that the District Court lacked subject matter jurisdiction, Plaintiff filed an Amended Complaint asserting the same claims, but adding defendants David Slayton, Administrative Director of the Office of Court Administration of Texas; the Honorable Lora J. Livingston, Local Administrative Judge, Travis County, Texas; and the Honorable Velva R. Price, District Clerk, Travis County, Texas, all in their official capacities. Am. Compl. (Dkt.19) ¶¶ 15-18. A few days later, Plaintiff voluntarily dismissed Defendants Abbott and Paxton under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. 21.

After Defendants Slayton, Livingston, and Price filed motions to dismiss for lack of jurisdiction and failure to state a claim, Serafine filed a motion for leave to file a second amended complaint to add the Honorable Nathan Hecht, Chief Justice of the Supreme Court of Texas, as a defendant and to add "necessary facts that had not occurred at the time of the First Amended Complaint." Dkt. 52 at 2. On July 2, 2021, the District Court granted Plaintiff permission to file her Second Amended Complaint and mooted Defendants' motions to dismiss. Dkt. 58.

Shortly after Plaintiff filed her 43-page Second Amended Complaint, Defendants Slayton, Livingston, and Price once again filed motions to dismiss on the bases of lack of subject matter jurisdiction, immunity, abstention, and failure to state a claim. Dkts. 63, 66. Defendant Hecht also filed a motion to dismiss for lack of jurisdiction and immunity. Dkt. 70.

Defendants Slayton, Hecht, Meachum and Price now ask the Court to stay discovery pursuant to FED. R. CIV. P. 26(c) until the Court rules on the threshold immunity and jurisdictional challenges raised in their Motions to Dismiss. Defendants also ask the Court to issue a protective order to stay the deadline for Defendants' exchange of initial disclosures, until no sooner than 30 days after this Court rules on Defendants' Motions to Dismiss. The District Court previously granted Defendants' request to stay discovery related to Defendants' motions to dismiss Plaintiff's Amended Complaint. Dkts. 34, 49. However, the District Court subsequently vacated those orders in light of Serafine's filing of her Second Amended Complaint, which mooted Defendants' first round of motions to dismiss. Dkt. 58.

## II.   Legal Standards

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance,

3

embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

### III.     Analysis

Defendants seek to stay discovery until the Court decides the immunity defenses raised in their Motions to Dismiss. The Supreme Court "has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The Fifth Circuit has stated that, "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted); *see also Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (stating that district court acted properly in staying discovery pending resolution of issues of absolute, qualified, and sovereign immunity); *Stamps v. Univ. of Texas at Austin*, No. 1:20-CV-01204-LY-SH, 2021 WL 5167296, at *4 (W.D. Tex. Nov. 4, 2021) (holding that defendants presented good cause to stay discovery where they raised the defenses of qualified immunity and sovereign immunity in motion to dismiss).

Defendants have raised the defenses of judicial, qualified, and sovereign immunity in their Motions to Dismiss. Because the Fifth Circuit has stated that discovery should not be permitted

4

until resolution of the threshold question of an immunity defense, Defendants have presented good cause to stay discovery.

Accordingly, the Court **GRANTS** Defendants Slayton, Hecht, Meachum, and Price's Motions to Stay Discovery (Dkts. 64, 73, and 96) until the Court rules on the Motions to Dismiss. In addition, the Court **STAYS** the deadline for Defendants' exchange of initial disclosures until no sooner than **30 days** after the District Court rules on Defendants' Motions to Dismiss.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion to Compel Defendants' Rule 26 Disclosures (Dkt. 106) is **DENIED**, and Defendant Velva Price's Opposed Objections, Motion for Protective Order and Motion to Quash Deposition of Velva Price Noticed for December 17, 2021 (Dkt. 110) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant David Slayton's Opposed Motion to Quash Plaintiff's Notice of Deposition (Dkt. 98) and Defendant Velva Price's Opposed Motion to Quash the Deposition of Velva Price Noticed for December 9, 2021 (Dkt. 103) are **DISMISSED** as **MOOT**, as the noticed dates for those depositions have passed.

**SIGNED** on December 13, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE